David Abrams, Attorney at Law
P.O. Box 3353 Church Street Station
New York, New York 10008

**TO BE FILED UNDER SEAL**

United States District Court
District of Columbia

_____

|  |  |
|---|---|
| United States of America ex rel. ) | |
| TZAC, Inc., ) | |
| ) | |
| Qui Tam Relator Address: ) | Case: 1:21−cv−03405 |
| ) | Assigned To : Bates, John D. |
| 305 Broadway Suite 601 ) | Assign. Date : 12/30/2021 |
| New York, NY 10007 ) | Description: Gen. Civil (E−DECK) |
| ) | |
| ) | |
| Plaintiff-Relator, ) | |
| ) | |
| - against - ) | Index No.: |
| ) | |
| The Middle East Institute ) | **COMPLAINT** |
| 1319 18th Street NW ) | |
| Washington, DC 20036 ) | |
| ) | |
| Defendant. ) | |

_____)

Plaintiff-Relator, complaining of the Defendant by its attorney, David Abrams,

Attorney at Law, respectfully sets forth and alleges as follows:

**I.      Nature of the Case**

1.      This is a false claims act claim.  The Qui Tam Plaintiff and Relator, TZAC, Inc.

("The Zionist Advocacy Center" or "Relator"), alleges that the Defendant obtained

disaster relief by fraudulently representing the nature of its operations.

**II.      Parties**

2.      Defendant The Middle East Institute (the "Middle East Institute") is a not-for-

profit corporation with a principle place of business in Washington, DC.   The Middle

East Institute describes itself as follows:

> [T]he Middle East Institute is the oldest Washington-based institution dedicated
> solely to the study of the Middle East. It is a non-partisan think tank providing
> expert policy analysis, educational and professional development services, and a
> hub for engaging with the region's arts and culture.

2.      Relator TZAC, Inc. ("The Zionist Advocacy Center" or "Relator" or "Plaintiff") is a New York business corporation with a principle place of business in the State of New York, County of New York.

**III.     Compliance With Requirements of Suit**

3.      This matter has been or will be filed under seal pursuant to 31 U.S.C. Section 3730(b); at or about the same time, a copy of the Complaint, Sealing Order, and Relator's disclosure of evidence were or will be served on the Department of Justice and the United States Attorney for the District of Washington DC.

4.      Relator will not serve the Complaint or any other papers in this matter until and unless it becomes unsealed.  Thus, if the Complaint is served on the Defendant, it means that the matter has been duly unsealed.

**IV.     Jurisdiction and Venue**

5.       This Court has jurisdiction pursuant to 31 U.S.C. Section 3732(a) which provides that this type of action may be brought in any district where the Defendant resides or transacts business.  In this case, the Defendant is located in the District of Columbia.

**V.      The Fraudulent Scheme**

6.      The Defendant received Second Round PPP Disaster Relief as follows:

| Date | Amount | Loan Number | Forgiven |
|---|---|---|---|
| February 12, 2021 | $359,279 | 7906598404 | October 20, 2021 |

7.      In order to be eligible for this loan the Defendant had to certify, among other things, as follows:

> The Applicant is not a business concern or entity primarily engaged in political or lobbying activities, including any entity that is organized for research or for engaging in advocacy in areas such as public policy or political strategy or otherwise describes itself as a think tank in any public documents.

8.      At all times relevant to this matter the foregoing certification was completely false

and fraudulent.  Indeed, the Middle East Institute describes itself as a "think tank" right

on its web site.

9.      As a result of this fraudulent certification, the Middle East Institute received some

$359,279 in funds of the United States.

**VI.      Cause of Action**

10.     The False Claims Act imposes liability on a person or entity who " knowingly

makes, uses, or causes to be made or used, a false record or statement material to a false

or fraudulent claim"  31 U.S.C. Section 3729(a)(1)(B)

11.     The Courts have held that this can include false statements regarding eligibility to

participate in a program.  See *United States ex rel. Kirk v. Schindler Elevator Corp.,*  601

F.3d 94, 116 (2d Cir. 2010), rev'd on other grounds, 131 S.Ct. 1885 (2011) ("[C]laims

may be false even though the services are provided as claimed if, for example, the

claimant is ineligible to participate in the program.")

12.     Thus, the Middle East Institute's certification that it is not a "think tank" violated

the False Claims Act because it was false and required for eligibility for Second Round

PPP monies.

**[continued on next page]**

**VII.    Relief Sought**

13.    On behalf of the government, Relator is seeking judgment for  the triple damages

and civil penalties set forth in 31 U.S.C. Section 3729.

14.     The Middle East Institute received some $359,279 in Second Round PPP Relief.

These funds would have been received as a result of the fraudulent certification described

above.

15.    Accordingly, Relator seeks judgment in the amount of $1,077,837 against the

Middle East Institute and in favor of the United States, together with costs, interest, civil

penalties, an appropriate qui tam award, and such other and further relief as the Court

deems just.


Respectfully submitted,

_____

David Abrams, Attorney at Law
 Attorney for Relator
The Zionist Advocacy Center

P.O. Box 3353 Church Street Station
New York, NY 10008
Tel. 212-897-5821
Fax  212-897-5811

Dated: New York, NY
        December 30, 2021